## Toledo, St. Louis & Western Railroad Company v. John W. Needham.

1. RAILROAD COMPANY—*when, not liable for fire alleged to have been caused by sparks from its engine.* In such a case a railroad company cannot be held liable where the *prima facie* case of the plaintiff is overcome by the evidence of the defendant as to the equipment and maintenance of its engines.

Action on the case for injury caused to real property. Appeal from the Circuit Court of Cumberland County; the Hon. JAMES W. CRAIG, Sr., Judge, presiding. Heard in this court at the May term, 1904. Reversed, with finding of facts. Opinion filed October 14, 1904.

CHARLES A. SCHMETTAU, CHARLES M. CONNOR and GUENTHER & CLARK, for appellant; CLARENCE BROWN, of counsel.

J. F. HUGHES, W. C. GREATHOUSE and LYLE DICIUS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action, which was before this court at the May term, 1902, (105 App. 25) was brought by appellee against appellant to recover damages for injuries to appellee's apple

orchard, alleged to have been caused by the escaping of sparks of fire from one of appellant's locomotive engines.

The first trial resulted in a judgment for the plaintiff for $155, which was reversed for the reason that the court admitted improper evidence on behalf of the plaintiff. Upon the second trial the plaintiff recovered judgment for a like sum, from which the defendant again appeals.

It is admitted that the evidence in the present record is in all respects substantially similar to that introduced on the first trial.

Upon the former record we held that the evidence justified the jury in finding that the fire in question was started by sparks from one of appellant's locomotive engines, and that a *prima facie* case was thus made, which appellant was bound to overcome.

We also held that the uncontroverted evidence showed that each of the engines which passed the premises on the day of the fire, was equipped with appliances for arresting sparks, of the most approved kind; that such appliances were all in good repair on that day, and that all of said engines were carefully and skillfully handled by competent engineers.

We now further hold that the evidence introduced by appellant as to the equipment and management of the engines, one of which must have caused the fire, was sufficient to overcome appellee's *prima facie* case.

The evidence being insufficient to warrant the judgment it will be reversed without remanding.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that the locomotive engine which caused the fire in question, was, on the day of, and at the time of the fire, equipped with appliances for arresting sparks, of the most approved kind; that said appliances were then in good repair; that said engine was at the time being carefully and skillfully handled by a competent engineer, and that appellant was not guilty of the negligence charged in the declaration.